| | | |
|---|---|---|
| PATRICIA SIMMONDS, et al. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:20-cv-250 |
| CHEROKEE COUNTY, et al, | ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| TIENDA PHILLIPS, et al. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-274 |
| CHEROKEE COUNTY, et al, | ) ) | |
| Defendants. | ) ) ) | |

| | |
|---|---|
| NATHAN DAVENPORT, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:21-cv-276 |
| MELANIE DYER, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:21-cv-277 |
| NATHAN DAVENPORT, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:21-cv-278 |

| | |
|---|---|
| JEREMY SILVERS, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-280 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

| | |
|---|---|
| REGINA MANEY, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-281 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

| | |
|---|---|
| DESIREE REILY, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-282 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

| | )  |                              |
|---|---|------------------------------|
| MARTHA KILLIAN, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-283 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | ) | |
|---|---|---|
| AMANDA TIMPSON, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-284 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | ) | |
|---|---|---|
| SARAH CRAPSE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-285 |
| | ) | |
| CHEROKEE COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| HANNAH ALLEN, et al.<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>Defendants. | Civil Action No. 1:21-cv-286 |
| TESSA DORSEY, et al.<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>Defendants. | Civil Action No. 1:21-cv-287 |
| LIBBY HELMS, et al.<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>Defendants. | Civil Action No. 1:21-cv-288 |

| | |
|---|---|
| SHALEES GREENLEE, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-289 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| SAMANTHA TORRES, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-290 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| KELLY WALKER, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-292 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| SHEENA DOCKERY, et al. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:21-cv-293 |
| CHEROKEE COUNTY, et al, | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

| | |
|---|---|
| JESSICA FARQUHAR, et al. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:21-cv-294 |
| CHEROKEE COUNTY, et al, | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

| | |
|---|---|
| CAINE BURNETTE, et al. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:21-cv-295 |
| CHEROKEE COUNTY, et al, | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

| | |  |
|---|---|---|
| STEPHEN DOWNEY, et al. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-296 |
| CHEROKEE COUNTY, et al, | ) ) ) | |
| Defendants. | ) ) ) | |

| | |  |
|---|---|---|
| CHEYENNE SPICOLA, et al. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-297 |
| CHEROKEE COUNTY, et al, | ) ) ) | |
| Defendants. | ) ) ) | |

## **STATUS REPORT AND MOTION TO STAY**

COME NOW the parties in the above captioned actions, and make the following report, and motion to stay further proceedings in these actions until May 1, 2022. The parties report to the Court as follows:

1. In *Simmonds, et al. v. Cherokee County, et al.*, 1:20-cv-250, the Court has scheduled a status conference on December 14, 2021.

2. In the other above captioned actions, service of the pleadings is proceeding as follows:

   a. Defendants Cherokee County, Scott Lindsay in his official capacity, and Cindy Palmer in her official capacity have waived service of the summonses and complaints, filed said waivers on the docket, and their answers are due on or about December 28, 2021.

   b. Defendant Cindy Palmer in her individual capacity and Defendant Scott Lindsay in his individual capacity have been sent, through counsel, a request to waive service of the summonses and complaints, and, through counsel, the parties have agreed to do so. These defendants will file the waivers on the docket in due course and answer accordingly.

   c. Defendants Donna Crawford and Lisa Davis in their official capacities have been sent a copy of each complaint and a request to waive service thereof. Defendants Crawford and Davis' waivers are due to Plaintiffs' counsel by December 11, 2021. If waivers are not so received, Plaintiffs' counsel will undertake formal service of the complaints and summonses.

3. Defendants Crawford and Davis are sued in their official capacities only, accordingly, their suits are the equivalent of suits against Defendant Cherokee

County, and accordingly, the parties can attempt to negotiate settlement of these actions even pending service of Defendants Crawford and Davis.

4. The parties have conferred, and subject to advice being sought from the North Carolina State Bar, are in the process of scheduling mediated settlement conferences to attempt resolution of all the above captioned cases.

5. All of the above captioned actions are related to alleged practices at the Cherokee County Department of Social Services regarding the use of certain documents to facilitate the removal or remove children from the physical and legal custody of their parents.

6. A related matter, *Hogan, et al., v. Cherokee County, et al.*, 1:18-cv-96, has been litigated and tried.

7. In the *Hogan* matter, which was originally filed as a putative class action, the parties exchanged significant discovery, including written discovery and production of documents that exceeded 33,000 pages, and related to all of the above captioned actions.

8. The discovery materials exchanged in the *Hogan* matter have permitted the parties to evaluate the claims in the above captioned actions and the parties in good faith believe that settlement of these cases is a reasonable possibility.

9. However, owing to issues relating to the best method of obtaining/facilitating a settlement, including but not limited to a dispute between the Defendants

and their coverage entity (a declaratory judgment action filed in Wake County Superior Court as 21-CVS-7769), the parties believe that a longer than normal period will be needed to facilitate settlement of the above captioned actions.

10. Many of the above captioned actions have minor children, who remain minor children with Joy McIver serving as guardian *ad litem*, as parties, and accordingly any settlement will require Court approval.

11. The parties, including the GAL, informally conferenced with Chief District Judge Reidinger on December 7, 2021 regarding several possible mechanisms for settlement, as well as logistical concerns regarding the administration and litigation of the above captioned actions.

12. Based upon the discussions between the parties, as well as the previously exchanged discovery, and the risks of litigation versus settlement, the parties believe, in good faith, that settlement of these actions before May 1, 2022 is a reasonable likelihood.

13. The parties further believe that additional discovery during the attempted settlement negotiations will not serve to facilitate settlement, and would in fact only increase the costs and burdens of litigation, and may, accordingly, frustrate settlement proceedings.

14. Accordingly, the parties are requesting the Court to enter an order staying further proceedings in these matters as follows:

15. The parties request an Order that:

   a. Cancels the forthcoming status conference on December 14, 2021, pending further developments in the case, to be reported by the parties to the Court at times to be determined by the Court.

   b. Stays the issuance of a Case Management Order and stays the commencement of discovery in all of the above captioned cases until May 1, 2022 to permit the parties to attempt to fully settle these matters.

   c. Permits and requires the completion and filing of service or waiver related documents, but extends the deadline to file answers or other responsive pleadings in each of the above captioned actions until May 1, 2022.

   d. Such further relief or provisions as the Court sees fit.

Wherefore, the parties jointly report the preceding information to the Court, and respectfully and jointly seek an Order as described in paragraph 15 above.

Jointly and respectfully submitted, this ___ day of December, 2021.

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar No. 39579

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar. No. 9619

/s/ Mary Euler
Mary Euler
N.C. Bar No.: 25799

/s/ Patrick Flanagan
Patrick Flanagan
N.C. Bar. No.: 17407

/s/ Sean Perrin
Sean Perrin
N.C. Bar No.: 22253

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing ***Status Report and Motion to Stay*** with the Clerk of Court using the CM/ECF system, which will serve all parties who have made an appearance in the case, and will deposit a copy hereof, postage prepaid, in the United States Mail, for each said party as follows:

>Donna Crawford in her official capacity
>4996 Myers Chapel Road
>Hayesville, NC 28904
>*Defendant*
>
>Lisa Davis in her official capacity
>2642 Old Peachtree Road
>Marble, NC 28905
>*Defendant*

This the ____ day of December, 2021.

>/s/ D. Brandon Christian
>D. Brandon Christian
>N.C. Bar No. 39579
>3344 Presson Road
>Monroe, NC 28112
>brandon.christian@ncleag.com
>(910) 750-2265